IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER L. McCANN-HERLIKOFER,

    Plaintiff,

v.                                                         1:14-cv-00596-KG-LF

KILOLO KIJAKAZI,[1] Acting Commissioner
of the Social Security Administration,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
GRANTING MOTION FOR 42 U.S.C. § 406(b) ATTORNEY'S FEES IN PART**

THIS MATTER comes before the Court on plaintiff Jennifer L. McCann-Herlikofer's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed on June 15, 2021.[2] Doc. 26. The Commissioner took no position on the fee petition. Doc. 27 at 2. The Honorable District Judge Kenneth J. Gonzales referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. X. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find that the amount of fees requested is excessive and unreasonable, and a reduction in the award of fees is warranted. I therefore recommend that the Court GRANT the motion in part and DENY it in part.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] This case was initially assigned to the Honorable Magistrate Judge Lourdes A. Martinez, who retired in 2017. The case was not immediately reassigned upon Judge Martinez's retirement. With prompting from Ms. McCann-Herlikofer's attorney to the Clerk (Doc. 28), the case was reassigned on April 5, 2023, to Judge Gregory B. Wormuth, and reassigned to District Judge Kenneth J. Gonzales and Magistrate Judge Laura Fashing on May 9, 2023. Docs. 29, 30.

I. **Procedural History**

Ms. McCann-Herlikofer filed an application for Disability Insurance Benefits on July 23, 2005, alleging the onset of disability on May 1, 2004, due to fibromyalgia, anxiety, major depression, chronic fatigue syndrome, and hypothyroidism. AR 193–96, 287.[3] The Social Security Administration ("SSA") denied her claims initially and on reconsideration, and she did not appeal that application. AR 99–103, 107–11. Ms. McCann-Herlikofer then filed the present application on December 11, 2010, alleging the same onset date. AR 197–203. This second application also was denied on initial review and again on reconsideration. AR 115–19, 125–29. Ms. McCann-Herlikofer requested a hearing before an administrative law judge ("ALJ"). AR 131–34. On May 15, 2012, ALJ Helen E. Hesse held a hearing in Orange, California. AR 35–62, 172–75. ALJ Hesse issued an unfavorable decision on July 9, 2012. AR 23–30. Ms. McCann requested review by the Appeals Council. AR 19, 351–55. By Notice dated February 25, 2014, the Appeals Council declined to set aside the ALJ's decision, AR 5–10, making that decision the final decision of the Commissioner.

Ms. McCann-Herlikofer timely filed her appeal in this Court on June 26, 2014, Doc. 1, and a motion to remand on November 21, 2014, Doc. 16. The Commissioner filed an unopposed motion to remand pursuant to sentence four of 42 U.S.C. § 404(g) on March 17, 2015. Doc. 21. The Court granted the motion and issued a final order remanding this case to the SSA on March 19, 2015. Docs. 22, 23. On stipulation, the Court awarded Ms. McCann-Herlikofer's attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $3,840.09. Doc. 25.

---

[3] Document 12 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

On remand, ALJ Hesse held a second hearing and again found Ms. McCann-Herlikofer not disabled. Doc. 26-4 at 2. The Appeals Council remanded the case and following a hearing with ALJ Michael B. Richardson on July 13, 2017, the second ALJ found Ms. McCann-Herlikofer not disabled. *Id*. The Appeals Council reviewed ALJ Richardson's decision and once again remanded the case. At yet another hearing before ALJ Thomas D. Businger on November 23, 2020, Ms. McCann-Herlikofer amended her claim to a closed period of disability from May 1, 2004 through April 27, 2017. *Id.* On February 10, 2021, ALJ Businger found Ms. McCann-Herlikofer disabled during the entire period at issue. *Id*. at 3. Following the fully favorable decision, by Notice of Award dated May 15, 2021, the SSA awarded Ms. McCann-Herlikofer back benefits totaling $98,880.00.[4] Doc. 26-5 at 6–5. On June 15, 2021, Ms. McCann-Herlikofer's attorney, Shanny J. Lee of the Law Office of Charles E. Binder and Harry J. Binder, LLP, filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 26.

**II.    Standard**

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the

---

[4] Documents from the SSA indicate that it withheld 25% of Ms. McCann-Herlikofer's total past due benefits, or $24,720.00. Doc. 26-2 at 4. The amount of back benefits is calculated from these figures ($24,720.00 x 4 = $98,888.00).

EAJA and under § 406(b). *Id.* at 497.[5]  If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory.  It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  Traditionally, an award of attorney's fees is a matter within the sound

---

[5] The Tenth Circuit has explained:

> There are several differences between the two types of fees.  For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1).  Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).  In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits).  Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  SSA funds are not so conditioned.  42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-

5

contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III.   Analysis

First, I find that counsel requested § 406(b) fees within a reasonable time. The ALJ issued his favorable decision on February 10, 2021. Doc. 26-4 at 3. The SSA issued a Notice of Award on May 15, 2021, indicating the amount of back benefits due to Ms. McCann-Herlikofer, as well as the attorney's fees withheld. Doc. 26-5 at 6–5. Counsel filed the fee motion on June 15, 2021. Doc. 26. I find that a motion requesting fees filed thirty days from the notice of award is filed within a reasonable time. *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. I find that it does. Ms. McCann-Herlikofer signed a fee agreement on June 17, 2014, which states in part:

> II.   If the case is remanded by the United States District Court to the Social Security Administration for review or additional testimony, and I am awarded past due benefits by the Appeals Council or an Administrative Law Judge after an additional hearing, the law firm may apply for fees to U.S. District Court under §406(b). These fees will not exceed 25% of the back due benefits due me and my family. Fees will be approved by the U.S. District Court pursuant to § 406(b) of the Social Security Act.

Doc. 26-5 at 2.[6]  Thus, the Fee Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that plaintiff's counsel has not shown that $24,720.00 is a reasonable fee for representation of plaintiff before this Court.  Counsel clearly obtained a fully favorable outcome for Ms. McCann-Herlikofer and was not responsible for any appreciable delay in resolving the case.

---

[6] The fee agreement goes on to say:

> III.    I agree that in the event the appeal is successful in that the claim is remanded for further proceedings or payment of benefits, I transfer and assign my rights and interests in any and all Equal Access to Justice Act ("EAJA") fee in connection with my Social Security case to the law firm in consideration of their services in representing me in federal court.  This assignment shall bind my heirs, administrators, successors and assigns, and inure to the benefit of the law firm and survive any writing to the contrary.

Doc. 26-5 at 2.  To the extent the fee agreement requires Ms. McCann-Herlikofer to pay her attorneys both 25% of her back benefits ***and*** all EAJA fees awarded in conjunction with a successful appeal, the Court finds that this is unreasonable.  "In the Social Security context, EAJA fees are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A)."  *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008).  "[Section] 406(b) governs the total fee a claimant's attorney may receive for court representation; any endeavor by the claimant's attorney to gain more than that fee, or to charge the claimant a noncontingent fee, is a criminal offense."  *Gisbrecht*, 535 U.S. at 806.

Further, in awarding the EAJA fees the Court ordered:

> if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel **shall** refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

Doc. 25 at 1–2.  Ms. McCann-Herlikofer's counsel assures the Court that "[u]pon receipt [of the requested sum], counsel for Plaintiff will remit $3,840.09, which represents fees previously awarded in this case under the EAJA, directly to Plaintiff."  Doc. 26-4 at 4.

However, this case was decided on a voluntary remand that did not require full briefing. Counsel spent a total of 18.1 hours on this case in this Court. Doc. 26-5 at 4. Thus, Counsel's fee request of $24,720.00 yields a *de facto* hourly rate of $1,365.75 per hour. I find that the award would be disproportionately large in comparison to the amount of time spent on the case and a downward adjustment is in order. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.").

The disproportionality is also apparent from the fact that the rate counsel is requesting is higher than the average fees awarded in this district in similar cases. *See, e.g.*, *Molina v. Saul*, 1:17-cv-1151 KRS, 2020 WL 7183569 (D.N.M. Dec. 7, 2020) (hourly rate of $294.12); *Reid v. Saul*, 1:16-cv-1104 SMV, 2020 WL 1049747 (D.N.M. Mar. 3, 2020) (hourly rate of $425.44). However, as counsel suggests, courts may award higher hourly rates to attorneys with greater experience. In recent § 406(b) cases in this District, for instance, the Court awarded an hourly rate of $1,073.68 to an attorney with 30 years of experience, $722.56 to an attorney with 38 years of experience, and $800 to an attorney with 30 years of experience. *See Kelley v. Saul*, 1:16-cv-618 GJF, 2020 WL 3893055 (D.N.M. July 10, 2020) (hourly rate of $1,073.68); *Stotts v. Saul*, 1:17-cv-416 GJF, 2019 WL 4600163 (D.N.M. Sept. 23, 2019) (hourly rate of $722.56); *Herrera v. Saul*, 2021 WL 698658 (D.N.M. Feb. 23, 2021) (hourly rate of $800.00 to an attorney with 30 years of experience).[7]

---

[7] In the case cited by Counsel in support of the high hourly rate requested, *Jackson v. Colvin*, 2014 WL 5513707 (N.D. Okla. Oct. 31, 2014), the Court found an award of $1,301.45 per hour for 25.5 hours of work performed before the district court reasonable. I do not find *Jackson* persuasive. First, *Jackson* is a case out of the district of Oklahoma where rates may be higher than in the District of New Mexico. Second, the *Jackson* court does not discuss the attorney's level of experience, or the complexity of the work performed in that case. Further, the attorney in *Jackson* spent more hours working on the district court case than Ms. McCann-Herlikofer's counsel spent in this Court. *Id.*, 2014 WL 5513707, at *1. I find that the cases from the district of New Mexico more accurately reflect the average hourly rates in this district.

Here, Ms. McCann-Herlikofer's attorney has practiced social security law for 21 years. Doc. 26-4 at 3. Given the years of experience, it likely took counsel fewer hours of work to successfully represent Ms. McCann-Herlikofer than it would have taken a less experienced attorney, which reasonably results in a higher rate for fewer hours. Based on counsel's years of experience in Social Security cases, the relatively lower number of hours of work in this Court,[8] and the success of her representation, I find it reasonable to award $775.00 per hour. This results in an attorney fee award of $14,027.50, which amounts to approximately 15% of the total benefits awarded to Ms. McCann-Herlikofer.

## IV. Conclusion

Having conducted an "independent check" on counsel's fee petition, I find counsel's requested fee award as modified above is reasonable under the circumstances of this case. I therefore recommend that the Court GRANT in part and DENY in part counsel's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 31), and that the Court award counsel $14,027.50 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Ms. McCann-Herlikofer before this Court. I further recommend that counsel refund to plaintiff the EAJA fees previously awarded in plaintiff's appeal.

---

[8] Counsel also spent a substantial amount of time working on Ms. McCann-Herlikofer's case at the administrative level for which counsel will seek approval of a fee from the Social Security Administration. Doc. 26-4 at 3, ¶12.

9

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge